O

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED DASTRUP, | ) NO. CV 06-2808-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

### PROCEEDINGS

Plaintiff filed a complaint on May 12, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 20, 2006. Plaintiff filed a motion for summary judgment on November 17, 2006.

1  Defendant filed a cross-motion for summary judgment on December 18,
2  2006.  The Court has taken both motions under submission without oral
3  argument.  See L.R. 7-15; "Order," filed May 19, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former store clerk/cashier, movie extra, and ice cream dispenser, asserts disability based primarily on alleged back pain (Administrative Record ("A.R.") 39, 45, 54-56, 64-69).  The Administrative Law Judge ("ALJ") found that, despite Plaintiff's severe back pain, Plaintiff retains the residual functional capacity "to perform light exertion work with occasional climbing, balancing, stooping, kneeling, crouching and crawling" (A.R. 25).  Relying on the testimony of a vocational expert, the ALJ concluded that a person having this capacity could perform Plaintiff's past relevant work (A.R. 24-25).  The Appeals Council denied review (A.R. 7-10).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///
///
///

**DISCUSSION**

The ALJ's decision mischaracterizes the evidence in at least two respects. First, the ALJ's decision represents that "[n]o doctor has found greater limitations" than the limitations found by the ALJ (A.R. 23). In fact, Dr. Mouradian, an examining physician, found that Plaintiff's back condition precluded Plaintiff from "prolonged sitting" (A.R. 235). Second, the ALJ's decision represents that the residual functional capacity found by the ALJ "is consistent with . . . the assessments from . . . the functional capacity examiners" (A.R. 22). In fact, functional capacity examiners opined Plaintiff can sit only occasionally and stand only occasionally (A.R. 337). "[I]naccurate characterization[s] of the evidence," when material, warrant remand. See Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995); see also Mingo v. Apfel, 1998 WL 373411 *2 (D. Kan. July 1, 1998) (remand necessary where the Administration conceded the ALJ's findings were internally inconsistent).

In the present case, the mischaracterizations may be material. A person limited to only occasional standing cannot perform the full range of light work. See 20 C.F.R. § 416.967(b). A person incapable of prolonged sitting cannot perform the full range of sedentary work. See 20 C.F.R. § 416.967(a) and (b); Aukland v. Massanari, 257 F.3d 1033, 1037 (9th Cir. 2001). Some light work jobs also require prolonged sitting. See 20 C.F.R. § 416.967(b); Norman v. Barnhart, 2006 WL 211949 *5-7 (C.D. Cal. Jan. 25, 2006). Moreover, in finding Plaintiff capable of performing Plaintiff's past relevant work, the

3

1  ALJ relied on hypothetical questioning of the vocational expert (A.R.
2  24). This questioning did not include any restriction to only
3  occasional standing or any preclusion of prolonged sitting (A.R. 432-
4  33). Unless hypothetical questions posed to a vocational expert "set
5  out all of the claimant's impairments," the vocational expert's
6  testimony cannot constitute substantial evidence to support an ALJ's
7  findings. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984);
8  accord Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987). The
9  Court also observes that, when asked whether a person requiring a
10 "sit/stand option" could perform Plaintiff's past relevant work, the
11 vocational expert responded in the negative (A.R. 433).

13     When a court reverses an administrative determination, "the
14 proper course, except in rare circumstances, is to remand to the
15 agency for additional investigation or explanation." INS v. Ventura,
16 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is
17 proper where, as here, additional administrative proceedings could
18 remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d
19 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
20 1496, 1497 (9th Cir. 1984).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 11, 2007.


                                                  _____/S/_____
                                                            CHARLES F. EICK
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.

5